# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| MARK ALAN HUTCHENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PERSONAL AUTO LOCATOR ) <br> SERVICE, LLC, ) <br> ) <br> Defendant. | Case No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Mark Alan Hutchens, through counsel, hereby sues Defendant, Personal Auto Locator Service, LLC. For his cause of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff Mark Alan Hutchens is an adult citizen of Knox County, Tennessee. At times relevant to this Complaint, Plaintiff was employed by Defendant as a used car sales manager.

2. Defendant Personal Auto Locator Service LLC (PALS) is a Tennessee corporation with its principal office in Knoxville, Tennessee 37912. Defendant PALS conducted business in Knox County, Tennessee, at times relevant to this Complaint.

1

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this court because Defendant does business in Knox County, Tennessee and because a substantial part of the events or omissions giving rise to the claims involved in this action occurred in Knox County, Tennessee.

## FACTUAL ALLEGATIONS

4. Defendant operates a used car dealership at 6751 Wilbanks Road, Knoxville, Tennessee 37912.

5. Defendant employed Plaintiff as a sales manager.

6. Plaintiff was employed by Defendant periodically over twelve years.

7. Plaintiff's last period of employment with Defendant began in November of 2018, when he was hired by Mr. Adam White, an owner of PALS.

8. At the time of his rehiring, Defendant was aware that Plaintiff's wife, Ms. McBryde, was in her second trimester of pregnancy.

9. On March 27, 2019, Ms. McBryde delivered her baby.

10. Shortly thereafter, Ms. McBryde developed a post-partum infection, and during her treatment, cancer cells were discovered.

11. A cone biopsy for Ms. McBryde was scheduled for June 17th, 2019.

12. On May 23, 2019, Plaintiff informed his supervisor, Zach Gallagher, about his wife's cervical cancer and contemporaneously submitted a written request for time off on June 5, 2019.

13. Plaintiff and Mr. Gallagher communicated about his wife's condition, and his necessary absences to provide care to her, from June 5th to June 7th 2019.

14. Plaintiff also made attempts to speak with Mr. White about his wife's illness during this time.

15. Altogether, Plaintiff missed two and a half days of work to tend to his wife while she received necessary procedures related to her cancer.

16. On Monday, June 10, 2019, Plaintiff arrived at work and, shortly thereafter, Mr. Gallagher called him into his office and terminated him.

17. At Plaintiff's termination meeting Mr. Gallagher told him that he felt "with all of [his] family problems" Mr. Gallagher didn't believe Plaintiff could properly perform his job, and that Mr. Gallagher felt it best to terminate Plaintiff's employment.

18. Mr. Gallagher further stated that Plaintiff had missed 2 and ½ days and that he could not afford to pay an employee who misses that much work.

19. During his employment with Defendant, Plaintiff also witnessed Defendant deceiving customers into buying etched anti-theft protections by misrepresenting their utility and claiming that they were necessary.

20. The etched anti-theft protections added around $500 value to the sale of each vehicle.

21. Plaintiff himself had purchased cars from Defendant that included this etched anti-theft protection, after having the utility and necessity of those protections misrepresented to him.

22. Upon finding out about Defendant's deceptive business practices concerning etched anti-theft protections, Plaintiff sought the help of legal counsel to recover the cost of these unnecessary inclusions on his vehicle(s).

23. Upon information and belief, Defendant became aware of Plaintiff's contact with attorneys.

3

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

24. At all times relevant to this complaint, Plaintiff was an employee of Defendant within the meaning of the FMLA, 29 U.S.C. §§ 2601 *et seq*.

25. At all times relevant to this complaint, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. §§ 2601 *et seq*. He had been employed by Defendants for at least twelve months and had worked at least 1,250 hours during the twelve-month period preceding his need for leave.

26. At all times relevant to this complaint, Defendant was subject to the provisions of the FMLA, 29 U.S.C. §§ 2601 *et seq*. Upon information and belief, Defendant engaged in commerce or in an industry or activity affecting commerce; Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; Defendant employed these 50 employees within 75 miles of the worksite.

27. The FMLA, 29 U.S.C. §§ 2601 *et seq.*, provides an employee with the right to take up to 12 weeks of medical leave in order to address the serious illness of the employee or a family member of the employee. The FMLA prohibits retaliation against an employee for exercising, or attempting to exercise, any rights under the FMLA.

28. Defendant violated the FMLA by retaliating against Plaintiff for requesting, applying for, and/or taking medical leave.

29. Defendants violated the FMLA by interfering with Plaintiff's rights under the FMLA, particularly by failing to provide Plaintiff with notice of his eligibility after Defendant acquired knowledge of his taking leave for an FMLA qualified reason.

30. Defendants violations, set forth above, were willful.

## VIOLATION OF THE TENNESSEE DISABILITY ACT

31. Plaintiff alleges that Defendant retaliated against him for engaging in a protected activity related to Plaintiff's acting as a caregiver for his family member's disability in violation of the Tennessee Disability Act, T.C.A.§ 8-50-103.

32. At all times relevant herein, Defendant employed over 15 persons.

33. At all times relevant herein, Plaintiff's wife's medical conditions constituted a disability, a record of having a disability, or a perceived disability.

34. At all times relevant herein, Defendant was vicariously liable for the actions and conduct of its employees, agents, and representatives.

35. Defendant acted with reckless disregard for Plaintiff's protected rights.

## RETALIATORY DISCHARGE

36. Plaintiff alleges, additionally and alternatively, that Defendant terminated him solely for refusing to participate in, or for refusing to remain silent about, illegal activities in violation of the Tennessee Public Protection Act, T.C.A. § 50-1-304, *et seq.* (TPPA).

37. Pursuant to T.C.A. § 39-14-127(a)(5), it is an illegal "deceptive business practice" to, with intent to deceive, in the course of business, make "a false or misleading statement in any advertisements addressed to the public or to a substantial segment thereof for the purposes of promoting the purchase or sale of property or services."

38. By communicating with attorneys about what Plaintiff reasonably believed to be deceptive business practices on part of Defendant, Plaintiff refused to remain silent about illegal activities.

39. As a result of Defendant's violation of the TPPA, Plaintiff is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation

for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

40. Defendant's actions were intentional, malicious, or reckless, and Plaintiff is, therefore, entitled to an award of punitive damages.

## DAMAGES

41. As a result of the above-mentioned illegal actions of Defendant, Plaintiff has suffered damages. These damages include, but are not limited to, past and future lost wages and benefits, emotional distress, humiliation, loss of enjoyment of life, and other non-economic injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the Court to enter an order:

a. Adjudicating and declaring Defendant's conduct as set forth above to be a violation of the FMLA;

b. Adjudicating and declaring Defendant's conduct as set forth above to be a violation of the TDA;

c. Adjudicating and declaring Defendant's conduct set forth above to be a violation of the TPPA;

d. Adjudicating and declaring that Plaintiff is entitled to compensatory damages in an amount to be determined by the jury;

e. Awarding Plaintiff liquidated or punitive damages, as available;

f. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, and other discretionary costs allowed by law;

g. For all additional general and equitable relief which is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

                              Respectfully submitted,

                              **MASSEY & ASSOCIATES, P.C.**

By:    /s/ W. Baker Gerwig IV
          W. Baker Gerwig IV, BPR: 037736
          Attorneys for Plaintiffs
          6400 Lee Highway, Suite 101
          Chattanooga, TN 37421
          baker@masseyattorneys.com
          (P): 423.697.4529
          (F): 423.634.8886